**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NICHOLAS CALHOON,**

    **Plaintiff,**

v.                                                                          Case No:

**RECEIVABLES MANAGEMENT**
**PARTNERS, LLC,**                              **DEMAND FOR JURY TRIAL**

    **Defendant.**

_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **NICHOLAS CALHOON** ("Mr. Calhoon" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **RECEIVABLES MANAGEMENT PARTNERS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.  This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by calling Mr. Calhoon's cellular telephone without Mr. Calhoon's prior

express consent, and by continuing to call Mr. Calhoon's cellular telephone after Mr. Calhoon sent Defendant a cease and desist letter, of which Defendant acknowledged receipt, which can all reasonably be expected to harass Mr. Calhoon.

### *Jurisdiction and Venue*

2.  This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3.  Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.  Plaintiff, Mr. Calhoon was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.  Mr. Calhoon is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 309-***-1596 Mr. Calhoon's Cellular Telephone").

6.  At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of IN and its registered agent, Cogency Global Inc., located at 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

7.     Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

### *Statements of Fact*

8.     Mr. Calhoon opened a credit account under his name for personal purchases that was assigned a unique account number ("Account").

9.     Sometime thereafter, Mr. Calhoon encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10.    Under information and belief, the Account was then assigned, sold, or transferred to Defendant for debt collection purposes.

11.    Shortly thereafter, Defendant began placing calls to Mr. Calhoon's \Cellular Telephone in attempts to collect the Debt.

12.    Mr. Calhoon had never provided Defendant with his cellular telephone number, or with permissions to call his Cellular Telephone.

13.    On or around September 27, 2019, Mr. Calhoon sent defendant a cease letter demanding that Defendant stop calling his Cellular Telephone ("Cease Letter"). **See Exhibit A.**

14.    On or around October 4, 2019, Defendant sent a letter to Mr. Calhoon acknowledging receipt of his Cease Letter.  **See Exhibit B.**

15. Despite Defendant's receipt of Mr. Calhoon's Cease Letter, Defendant continued to place calls to Mr. Calhoon's Cellular Telephone in attempts to collect the Debt.

16. For example, Defendant called Mr. Calhoon's Cellular Telephone on October 15, 2019.

17. Defendant called Mr. Calhoon's Cellular Telephone from several different telephone numbers, including, but not limited to: 815-553-3587.

18. All of Defendant's calls to Mr. Calhoon's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

19. Mr. Calhoon re-alleges paragraphs 1-18 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Defendant never had Mr. Calhoon's prior express consent to call his Cellular Telephone.

22. Further, Mr. Calhoon revoked consent for Defendant to call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial

voice or prerecorded message in or around September 27, 2019, when he expressly told Defendant to stop calling his Cellular Telephone.

23. Despite this revocation of consent, Defendant thereafter called Mr. Calhoon's Cellular Telephone at least once.

24. Defendant did not place any emergency calls to Mr. Calhoon's Cellular Telephone.

25. Defendant willfully and knowingly placed non-emergency calls to Mr. Calhoon's Cellular Telephone.

26. Mr. Calhoon knew that Defendant called Mr. Calhoon's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

27. Mr. Calhoon knew that Defendant called Mr. Calhoon's Cellular Telephone using a prerecorded voice because Defendant left Mr. Calhoon at least one voicemail using a prerecorded voice.

28. Defendant used an ATDS when it placed at least one call to Mr. Calhoon's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Calhoon's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Calhoon's Cellular Telephone.

31. At least one call that Defendant placed to Mr. Calhoon's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Mr. Calhoon's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Mr. Calhoon's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Mr. Calhoon's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Mr. Calhoon's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Mr. Calhoon

37. Defendant has recorded more than one conversation with Mr. Calhoon

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Calhoon for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Calhoon's Cellular Telephone, with no way for

the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Calhoon despite individuals like Mr. Calhoon revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Calhoon's Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Mr. Calhoon.

43. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

44. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

45. Defendant's actions have damaged Mr. Calhoon by causing him stress.

46. Defendant's actions have damaged Mr. Calhoon by causing him anxiety.

47. Defendant's actions have damaged Mr. Calhoon by causing him aggravation and being a nuisance.

48. Defendant's actions have damaged Mr. Calhoon by invading his privacy.

49. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

50. Mr. Calhoon re-alleges paragraphs 1-18 and incorporates the same herein by reference.

51. Mr. Calhoon is a "consumer" within the meaning of the FDCPA.

52. The subject debt is a "consumer debt" within the meaning of the FDCPA.

53. Defendant is a "debt collector" within the meaning of the FDCPA.

54. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(c) by continuing to call Mr. Calhoon's Cellular Telephone after Mr. Calhoon sent the Cease Letter.

55. As a result of the above violations of the FDCPA, Mr. Calhoon has been subjected to illegal collection activities for which he has been damaged.

56. Defendant's actions have damaged Mr. Calhoon by causing him stress.

57. Defendant's actions have damaged Mr. Calhoon by causing him anxiety.

58. Defendant's actions have damaged Mr. Calhoon by causing him aggravation and being a nuisance.

59. Defendant's actions have damaged Mr. Calhoon by invading his privacy.

60. It has been necessary for Mr. Calhoon to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

61. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

*Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

62. Mr. Calhoon re-alleges paragraphs 1-18 and incorporates the same herein by reference.

63. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

      a. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Mr. Calhoon's Cellular Telephone after receipt of the Cease Letter, which can reasonably be expected to harass Mr. Calhoon.

64. As a result of the above violations of the FCCPA, Mr. Calhoon has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

65. Defendant's actions have damaged Mr. Calhoon by causing him stress.

66. Defendant's actions have damaged Mr. Calhoon by causing him anxiety.

67. Defendant's actions have damaged Mr. Calhoon by causing him aggravation and being a nuisance.

68. Defendant's actions have damaged Mr. Calhoon by invading his privacy.

69. It has been necessary for Mr. Calhoon to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

70. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

      b. Awarding actual damages;

      c. Awarding punitive damages;

      d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Nicholas Calhoon, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 31, 2019**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com
Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*